**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DONALD WELCH,

    Petitioner,

-vs-                                              Case No.  8:05-CV-1144-T-30MAP
                                              Crim Case No. 8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner has filed a Notice of Appeal (CV Dkt. 22) of this Court's August 1, 2006 decision denying his motion for relief under 28 U.S.C. § 2255 (CV Dkt. 20), which the Court construes as an application for a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (CV Dkt. 23), *see Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).  Petitioner has also filed a Motion for an Appointment of Counsel (CV Dkt. 24).  Petitioner did not pay the $455.00 appellate filing fee and costs or

---

[1] "Certificate of Appealability.  (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

file a request for leave to proceed *in forma pauperis*.

The Court addressed Petitioner's claims on the merits. While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

Moreover, The Court finds that Plaintiff failed to perfect an appeal of the order by filing the notice required by Fed. R. App. P. 3(a)[3] and 4(a)(1)(B) within the allotted time.[4] The case stands closed.

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) (citation omitted). *See also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1114 (11th Cir. 1993) ("[f]iling an appeal within the thirty day time limit has been construed as a mandatory precondition to this Court's exercise of jurisdiction. . . ." (quoting *Borio v. Coastal Marine Constr. Co.*, 881 F.2d 1053, 1055 (11th Cir.1989))).

---

[3] "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a).

[4] "When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B).

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). However, a litigant is not excused from complying with a Court order or other judicial deadline because of his *pro se* status. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines").

ACCORDINGLY, the Court ORDERS that:

1.  Petitioner's Notice of Appeal, which is construed as an application for issuance of a certificate of appealability, is untimely and is **DENIED** (CV Dkt. 23).

2.  Petitioner's Motion for an Appointment of Counsel is **DENIED** (CV Dkt. 24).

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA:sfc